IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARIA DYLL,                              )
                                         )     No.
         Plaintiff,                      )
                                         )
                                         )
                                         )
                                         )
   v.                                    )
                                         )
                                         )
ARBY'S RESTAURANT GROUP, INC.            )
                                         )
         Defendant.                      )

## COMPLAINT

### Parties

1. Plaintiff, Maria Dyll, is an adult individual resident of the City of Hermitage, County of Mercer, State of Pennsylvania, residing at 70 Churchwood Road.

2. Defendant Arby's Restaurant Group, Inc. is a corporation organized and existing under the laws of the State of Georgia, having its principal place of business in the City of Atlanta, County of Fulton with a registered business address of 1155 Perimeter Center West.

### Jurisdiction and Venue

3. Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b) and the Pennsylvania Human Relations Act, 43 P.S. § 954(b).

4. Jurisdiction is proper in this Court pursuant to 42 U.S.C. §2000e-5, 29 U.S.C. § 626(c), 28 U.S.C. § 1331 and this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

5. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b)(2), as all claims set forth herein arose in Mercer County, Pennsylvania and Defendant regularly conducts

business in Mercer County, Pennsylvania, which is situated within the Western District of Pennsylvania.

6. At all times relevant hereto, Defendant was acting by and through its agents, servants and employees who were acting within the course and scope of their employment and on behalf of Defendant at the Arby's restaurant located 2415 East State Street in the City of Hermitage, County of Mercer, State of Pennsylvania.

7. Plaintiff has satisfied the administrative requirements of 42 U.S.C. § 2000e-5 and 29 U.S.C. § 626(d) by filing a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") at EEOC Charge Number 17F201461012. A copy of the "right-to-sue" letter issued by the EEOC with respect to Plaintiff Maria Dyll, dated September 30, 2015, and received by Plaintiff within ninety (90) days prior to the filing of this Complaint, is attached hereto as Exhibit A.

## Statement of Facts

8. Plaintiff is Filipino and was born in the Philippines.

9. Plaintiff was hired by Defendant as a Team Member on or about March 2, 2010.

10. Plaintiff was promoted to Team Trainer in or about May of 2013.

11. On several occasions, Plaintiff inquired about working the Drive-Thru and becoming a shift manager.

12. In response to those requests, Plaintiff was told by the General Manager that although she was a good employee, she could not work the Drive-Thru or work as a shift manager because "people would not be able to understand her."

13. Furthermore, the General Manager repeatedly mocked Plaintiff by repeating phrases Plaintiff said in a fake accent.

14. On or about July 28, 2013, Plaintiff participated in her annual performance review, at which time she was told that the General Manager would train her as a Shift Manager in October of 2013.

15. Plaintiff was never trained to become a shift manager.

16. Plaintiff met all of the qualifications to become a Shift Manager, with the exception of experience working the Drive-Thru. The General Manager told Plaintiff she was not permitted to work the Drive-Thru "because of the way she spoke."

17. In addition to meeting the shift manager qualifications, Plaintiff trained many of the shift managers at the restaurant. All of the individuals promoted to shift manager and trained by Plaintiff were born in the United States of America.

18. On or about October 21, 2013 and October 22, 2013, Plaintiff was training a new employee. Plaintiff directed the new employee to complete several tasks including cleaning a portion of the slicer and changing out bottles of sauces.

19. The new employee did not complete either of these tasks.

20. When Plaintiff confronted the new employee about these incomplete tasks, the General Manager interrupted to find out what was happening.

21. On both occasions, the new employee offered excuses, some of which placed the blame on the Plaintiff, for why these tasks were not completed.

22. The Plaintiff responded by asking the new employee why she was lying to the General Manager.

23. The General Manager admonished Plaintiff for calling the new employee "names."

24. The General Manager did not discipline the new employee.

25. Later that day, Plaintiff informed the new employee that she does not like it when a person does not tell the truth. The new employee responded by telling the Plaintiff to "shut up" and calling her a "bitch."

26. On or about October 23, 2015, Plaintiff was scheduled to work from 8:15 a.m. to 1:00 p.m.

27. At or around 1:00 p.m., Plaintiff asked the General Manager if she could leave. The General Manager told the Plaintiff she could not leave because she wanted to talk to the Plaintiff.

28. At or around 1:10 p.m., the General Manager sat Plaintiff down at a table in the restaurant and gave her a coaching with respect to the defendant's respect policy.

29. Thereafter, the General Manager asked Plaintiff to sign the coaching. Plaintiff refused to sign and requested that she have a lawyer present before signing anything.

30. The General Manager raised her voice to the Plaintiff and said that Plaintiff was the "center of drama" in the workplace. Plaintiff responded by saying that the General Manager was the "center of drama" in the workplace.

31. Thereafter, the General Manager terminated the Plaintiff's employment.

**COUNT I**
**RACE DISCRIMINATION**
*Maria Dyll v. Arby's Restaurant Group, Inc.*

32. Plaintiff hereby incorporates by reference paragraphs 1 through 30, inclusive, as if set forth at length herein.

33. Plaintiff, as a Filipino woman of the Asian race, was discriminated against on the basis of her race in violation of 42 U.S.C. §2000e-2 and 43 P.S. § 955.

34. As a direct and proximate result of the discrimination against the Plaintiff, the Plaintiff has been denied the opportunity to become a Shift Manager.

35. As a direct and proximate result of the discrimination against the Plaintiff, the Plaintiff has sustained economic damages including lost wages equaling the difference the Plaintiff would have been paid had she received the Shift Manager position compared to her Team Trainer position.

36. As a direct and proximate result of the discrimination against the Plaintiff, the Plaintiff has suffered embarrassment, humiliation, and emotional distress.

37. As a direct and proximate result of the discrimination against the Plaintiff, the Plaintiff has and will continue to incur counsel fees and litigation costs.

WHEREFORE, Plaintiff, demands judgment in her favor, and against Defendant, for the damages discussed above, plus interest, costs of suit, reasonable attorneys' fees and such other relief as the Court deems just and proper.

## COUNT II
## NATIONAL ORIGIN DISCRIMINATION
*Maria Dyll v. Arby's Restaurant Group, Inc.*

38. Plaintiff hereby incorporates by reference paragraphs 1 through 36, inclusive, as if set forth at length herein.

39. Plaintiff, as an individual who was born in the Philippines, was discriminated against on the basis of her national origin in violation of 42 U.S.C. §2000e-2 and 43 P.S. § 955.

40. As a direct and proximate result of the discrimination against the Plaintiff, the Plaintiff has been denied the opportunity to become a Shift Manager.

41. As a direct and proximate result of the discrimination against the Plaintiff, the Plaintiff has sustained economic damages including lost wages equaling the difference the

Plaintiff would have been paid had she received the Shift Manager position compared to her Team Trainer position.

42. As a direct and proximate result of the discrimination against the Plaintiff, the Plaintiff has suffered embarrassment, humiliation, and emotional distress.

43. As a direct and proximate result of the discrimination against the Plaintiff, the Plaintiff has and will continue to incur counsel fees and litigation costs.

WHEREFORE, Plaintiff, demands judgment in her favor, and against Defendant, for the damages discussed above, plus interest, costs of suit, reasonable attorneys' fees and such other relief as the Court deems just and proper.

Respectfully submitted,

PORTNOY & QUINN, LLC

**JURY TRIAL DEMANDED**

/s/ Marjorie Bagnato
Marjorie Bagnato, Esq.
Pa. I.D. No.: 313557

/s/ John E. Quinn
John E. Quinn, Esq.
Pa. I.D. No.: 23268

Portnoy & Quinn, LLC
Firm No. 724
Three Gateway Center, Suite 2325
401 Liberty Avenue
Pittsburgh, PA 15220
(P): (412) 765-3800, ext. 17
(F): (412) 765-3747
mbagnato@pghtriallawyers.com
jquinn@pghtriallawyers.com

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Maria Dyll<br>70 Churchwood Road<br>Hermitage, PA 16148 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

[ ]  On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2014-61012 | Legal Unit | (215) 440-2828 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  9-30-15
Spencer H. Lewis, Jr.,        (Date Mailed)
District Director

Enclosures(s)

cc:  Kristin Winslow
     Senior Director of Human Resources

     Arby's Restaurant Group, Inc.
     1155 Perimeter Center West
     Atlanta, GA 30338

     Marjorie Bagnato, Esq.
     PORTNOY & QUINN, LLC
     Three Gateway Center, Suite 2325
     401 Liberty Ave.
     Pittsburgh, PA 15222



EXHIBIT A